IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANDA PHARMACEUTICALS INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 18-651 (CFC) |
| v. | ) ) ) | **ANDA CASE** |
| TEVA PHARMACEUTICALS USA, INC., et al., | ) ) ) ) | **CONSOLIDATED** |
| Defendants. | ) | |

# [PROPOSED] FINAL JUDGMENT

This patent infringement action came on for a trial before the Court. Plaintiff Vanda Pharmaceuticals, Inc. ("Vanda"), asserted U.S. Patent Nos. RE46,604; 9,060,995; 9,539,234; 9,549,913; 9,730,910; 9,855,241; 10,071,977; 10,149,829; 10,376,487; 10,449,176; 10,610,510; 10,610,511; 10,611,744; and 10,829,465 against Defendants Teva Pharmaceuticals USA, Inc. ("Teva"), and Apotex Inc., and Apotex Corp. (collectively, "Apotex"). Pursuant to stipulations entered by the Court, Vanda withdrew U.S. Patent Nos. 9,060,995; 9,539,234; 9,549,913; 9,855,241; 10,071,977; 10,449,176; 10,610,510; 10,610,511; and 10,611,744 from the case before trial (D.I. 284, 295 and 328) and withdrew U.S. Patent No. 10,829,465 from the case after trial (D.I. 310).

The issues having been duly tried and a decision having been duly rendered in the form of an Opinion containing Findings of Fact and Conclusions of Law (D.I. 336),

**IT IS HEREBY ORDERED and ADJUDGED:**

(1) that Teva and Apotex do not infringe, directly or indirectly, the asserted claim of U.S. Patent No. RE46,604 (claim 3);

(2) that the asserted claim of U.S. Patent No. RE46,604 (claim 3) is declared to be invalid on the ground of obviousness, under 35 U.S.C. § 103;

(3) that the asserted claim of U.S. Patent No. 10,149,829 (claim 14) is declared to be invalid on the ground of obviousness, under 35 U.S.C. § 103;

(4) that the asserted claim of U.S. Patent No. 9,730,910 (claim 4) is declared to be invalid on the ground of obviousness, under 35 U.S.C. § 103;

(5) that the asserted claim of U.S. Patent No. 10,376,487 (claim 5) is declared to be invalid on the ground of obviousness, under 35 U.S.C. § 103;

(6) that in view of the Court's rulings that Teva and Apotex do not infringe claim 3 of U.S. Patent Nos. RE46,604 and that the asserted claims of U.S. Patent Nos. RE46,604 (claim 3); 10,149,829 (claim 4); 9,730,910 (claim 14); and 10,376,487 (claim 5) are invalid, judgment is granted in favor of Teva and Apotex on each of the Vanda' claims of patent infringement with respect to those patents, and Vanda takes nothing on those claims;

(7) that this judgment resolves all causes of action asserted by Vanda in this matter, including Vanda's claims for infringement of U.S. Patent Nos. 9,060,995; 9,539,234; 9,549,913; 9,855,241; 10,071,977; 10,449,176; 10,610,510; 10,610,511; 10,611,744; and 10,829,465;

(8) that this case is not exceptional for purposes of 35 U.S.C. § 285;

(9) that Vanda's motion for an injunction preventing the launch of Defendants' generic tasimelteon products pending appeal of this Final Judgment is denied;

(10) that, pursuant to the agreement of all parties, none of the parties shall sell or offer to sell any generic or authorized generic version of Hetlioz® (tasimelteon) before 12:01 am on Tuesday, December 20, 2022 so that Vanda may seek emergency injunctive relief from the Federal Circuit;

(11) that any further relief requested by Plaintiff is denied; and

(12) that any further relief requested by Defendants is denied.

SIGNED this \_\_\_\_\_ day of December, 2022.

_____
Colm F. Connolly
Chief United States District Judge